ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OPINION REGARDING THE IMPOSITION OF A SEARCH FEE BY THE OKLAHOMA STATE BUREAU OF INVESTIGATION. HE HAS ASKED THAT I RESPOND TO YOUR REQUEST. YOUR QUESTION IS AS FOLLOWS:
 DOES H.B. 1883, 15, DEALING WITH FELONY RECORD SEARCHES, AUTHORIZE IMPOSITION OF A SEARCH FEE WHEN A SCHOOL BOARD REQUESTS A NAME SEARCH?
AS YOUR INQUIRY MAY BE ANSWERED BY REFERENCE TO THE OKLAHOMA STATUTES, IT APPEARS THAT A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT REQUIRED. HO EVER, I HOPE YOU WILL FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL.
CHAPTER 15 OF H.B. 1883 AMENDED 70 O.S. 5-142 (1989). SECTION 70 O.S. 5-142 AUTHORIZES A LOCAL BOARD OF EDUCATION TO REQUEST IN WRITING FROM THE STATE BOARD OF EDUCATION INFORMATION CONCERNING FELONY OFFENSE CONVICTIONS ON CURRENT OR PROSPECTIVE EMPLOYEES. H.B. 1883 AMENDED 70 O.S. 5-142 BY REQUIRING THAT A REQUEST FOR FELONY OFFENSE CONVICTIONS SPECIFY WHETHER THE FELONY RECORD SEARCH IS TO BASED ON NAME ONLY OR ON FINGERPRINTS. IN THE EVENT A FINGERPRINT SEARCH IS REQUESTED, THE O.S.B.I. IS DIRECTED TO OBTAIN THE FINGERPRINTS AND REQUIRE THE EMPLOYEE OR PROSPECTIVE EMPLOYEE TO PAY A SEARCH FEE NOT TO EXCEED $50.00 OR THE COST OF THE SEARCH, WHICH EVER IS LESS. SCHOOL DISTRICTS ARE AUTHORIZED TO REIMBURSE EMPLOYEES FOR THE COST OF THE SEARCH.
TO ANSWER YOUR NARROW QUESTION, H.B. 1883 DOES NOT, IN AND OF ITSELF, AUTHORIZE IMPOSITION OF A FEE FOR A NAME SEARCH. HOWEVER, SUCH A REQUEST WOULD FALL UNDER THE OKLAHOMA OPEN RECORDS ACT, 51 O.S. 24A.5 (1989). SUBSECTION 3 OF 51 O.S. 24A.5(3) AUTHORIZES THE RESPONDENT AGENCY TO CHARGE THE REQUESTOR FOR THE REASONABLE, DIRECT COSTS OF DOCUMENT COPYING. HOWEVER IT ONLY ALLOWS THE RESPONDENT AGENCY TO CHARGE FOR A DOCUMENT SEARCH UNDER TWO CIRCUMSTANCES:
1. IF THE REQUEST IS SOLELY FOR A COMMERCIAL PURPOSE; OR
 2. IF THE REQUEST WOULD CLEARLY CAUSE EXCESSIVE DISRUPTION OF THE BODY'S ESSENTIAL FUNCTION.
CLEARLY THE LEGISLATURE INTENDED TO PROVIDE A MECHANISM TO PERMIT A FEE FOR RECORDS SEARCHES UNDER CERTAIN CIRCUMSTANCES. I BELIEVE A FELONY RECORD NAME SEARCH WOULD FALL UNDER THE OPEN RECORDS ACT. WHETHER SEARCH REQUESTS BY THE STATE DEPARTMENT OF EDUCATION FALL WITHIN ONE OF THE TWO EXCEPTIONS TURNS ON FACTUAL DETERMINATIONS WHICH ARE BEYOND THE SCOPE OF THIS RESPONSE. IN ORDER TO DETERMINE WHETHER EITHER OF THE TWO EXCEPTIONS ARE APPLICABLE IT WOULD BE NECESSARY TO MAKE EITHER FACTUAL DETERMINATIONS OR CERTAIN ASSUMPTIONS WITH REGARD TO THE FACTS. THE ATTORNEY GENERAL'S OFFICE IS GENERALLY UNEQUIPPED TO MAKE FACT INQUIRIES. OUR OFFICE IS UNABLE TO VERIFY FACTS SUBMITTED IN THAT WE LACK SUBPOENA POWER AND THE ABILITY TO SECURE SWORN TESTIMONY.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT THE O.S.B.I. MAY UNDER CERTAIN CIRCUMSTANCES CHARGE A FEE FOR FELONY RECORD NAME SEARCHES UNDER THE AUTHORITY OF THE OPEN RECORDS ACT, EVEN THOUGH H.B. 1883, DOES NOT PROVIDE FOR THE IMPOSITION OF A FEE FOR A NAME SEARCH. I HOPE THIS INFORMAL DISCUSSION HAS BEEN HELPFUL. IF YOU HAVE ANY FURTHER QUESTIONS, PLEASE FEEL FREE TO CALL.
(TEACHERS/BACKGROUND CHECK/CRIMINAL HISTORY)
(SHARON K. O'ROKE)